# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52772-3-II |
| Respondent, | (consolidated with No. 52779-1-II) |
| v. | |
| JAMES EARL EATON, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — James Earl Eaton appeals his guilty pleas to four counts of motor vehicle theft based on the theft of four snowmobiles. He argues that (1) his plea was not voluntary because there was no factual basis for those pleas because snowmobiles are not motor vehicles and (2) his case should be reversed for dismissal on those four counts and remanded for his choice of remedy.

While this case was pending, our Supreme Court decided *State v. Van Wolvelaere*, 195 Wn.2d 597, 461 P.3d 1173 (2020), holding that snowmobiles are motor vehicles for purposes of the theft of a motor vehicle statute, RCW 9A.56.065. In light of *Van Wolvelaere*, we hold that there was a factual basis for the pleas and affirm.

FACTS

On October 31, 2018, Eaton pleaded guilty to eleven charges, which included four counts of motor vehicle theft for four stolen snowmobiles.[1] Eaton acknowledged that he "unlawfully stole four different snowmobiles that belonged to" someone one else and that he "did not have permission to have those motor vehicles." Verbatim Report of Proceedings (VRP) (Oct. 31, 2018) at 52. The court accepted Eaton's pleas as knowing, intelligent, and voluntary and found that Eaton's statements established a factual basis for the pleas.

Eaton appealed. After the briefing was complete, this court stayed the case pending the Washington State Supreme Court's decision in *Van Wolvelaere*, 195 Wn.2d 597, in which the court was to decide the issue of whether a snowmobile is a motor vehicle under RCW 9A.56.065. The court decided *Van Wolvelaere* on April 30, 2020, and this court lifted the stay and this case was set without requesting any supplemental briefing.

ANALYSIS

Eaton argues that his guilty pleas were not voluntary because there was no factual basis for the four counts of theft of a motor vehicle based on his theft of four snowmobiles. Citing *State v. Van Wolvelaere*, 8 Wn. App. 2d 705, 707, 440 P.3d 1005 (2019), *rev'd*, 195 Wn.2d 597 (2020), Eaton contends that there was no factual basis for these pleas because snowmobiles are not motor vehicles under RCW 9A.56.065.

---

[1] On the same day, Eaton also pleaded guilty to another charge under a separate cause number. The cases were to be tried together, so when Eaton appealed from both cases this court consolidated the appeals. Eaton does not raise any issues related to the other case.

While this case was pending, our Supreme Court reversed the Court of Appeals decision in *Van Wolvelaere* and held that "[a] snowmobile is a 'motor vehicle' for purposes of RCW 9A.56.065." *Van Wolvelaere*, 195 Wn.2d at 611. RCW 9A.56.065(1) only requires that someone "commits theft of a motor vehicle." Thus, Eaton's acknowledgment that he "unlawfully stole four different snowmobiles that belonged to" someone one else and that he "did not have permission to have those motor vehicles," establishes a factual basis for his guilty pleas. VRP (Oct. 31, 2018) at 52.

Therefore, we hold there was a sufficient factual basis for the guilty pleas and affirm. Because Eaton does not show that his guilty pleas were invalid, we need not address Eaton's remaining arguments.

CONCLUSION

We hold there was a factual basis for Eaton's guilty plea and that the plea was voluntary.

We decline to consider Eaton's remaining arguments.

Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, P.J.

MELNICK, J.